```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
SHAO XIONG JIAN,                                           :
                                                           :
                              Plaintiff,                   :    16-CV-5556 (OTW)
                                                           :
              -against-                                    :    **OPINION AND ORDER**
                                                           :
SAIGON BAR & GRILL, *et al.*,                              :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay and for Defendants' alleged failure to provide certain notices required by the NYLL. Following a successful mediation before the Court-annexed Mediation Program, the parties submitted their settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF 84). All parties have consented to my exercising plenary jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 80). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I. **Background**

Plaintiff alleges that he worked as a cook in Defendants' restaurant from November 2010 until December 22, 2013, and again from November 24, 2014 until June 25, 2016. Plaintiff alleges that from November 24, 2014 through June 25, 2016, he worked, on average, fifty-one and one-half hours per week, but that Defendants paid him a fixed daily rate of $130, regardless of the number of hours worked.

Defendants deny Plaintiff's allegations. They assert that they would call witnesses and present objective, documentary evidence at trial that would show that Plaintiff did not work as many hours as he claims.

Plaintiff alleges that he is owed $26,870.71 for his FLSA claims, his unpaid wages, and overtime premiums. The parties have agreed to resolve the matter for $15,000, inclusive of attorneys' fees and costs, as set forth in the settlement agreement. Plaintiff would receive $9,460 and Plaintiff's counsel would receive $5,540 in fees, representing one-third of the settlement amount and $810 in costs, in accordance with Plaintiff's professional services-contingency fee agreement with his counsel.

The parties reached their proposed settlement during a mediation session held on January 29, 2018, which was attended by their parties and their counsel. The parties then submitted a joint letter seeking approval of their settlement agreement, explaining in detail the parties' positions, with a description of the method used to calculate the settlement amounts and an explanation of the hours Plaintiff worked and the wage at which he worked them. (ECF 84).

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The United States Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at

2

206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### a. Range of Recovery

First, the settlement awards Plaintiff with approximately 35% of Plaintiff's asserted unpaid wages calculation. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

### b. Burden and Expense of Trial

Second, the settlement enables the parties to avoid the burden and expense of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. The parties dispute the number of hours worked by Plaintiff and dispute whether or not the proper legal notices were given to Plaintiff. Because the parties dispute the validity of the records of Plaintiff's hours, the parties would have to rely on their own recollections and the recollections of others to prove how many hours Plaintiff worked. *See Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

### c. Litigation Risk

Third, the settlement will enable the Plaintiff to avoid the risks of litigation. Plaintiff faces the risk that a factfinder may credit Defendants' witnesses' testimony that Plaintiff did not work as many hours as he claims. Thus, whether and how much he would recover at trial is

3

uncertain. *See McMahon v Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### d. Arm's-Length Negotiation

Fourth, this settlement was reached after participation in the Court-annexed Mediation Program, during a mediation before the Court-appointed mediator, and therefore, the settlement is the product of arm's-length bargaining between experienced counsel.

### e. Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. The fact that it was reached after a mediation before a Court-appointed mediator reinforces the settlement's legitimacy. *See Gonzales v 27 W.H. Bake, LLC*, 15-CV-4161, 2018 WL 1918623, at *3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims based on Plaintiff's employment up to the date the agreement was signed, and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.")

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly

filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

III.    **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

**IT IS HEREBY ORDERED THAT** this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: October 10, 2018  **Ona T. Wang**
New York, New York  United States Magistrate Judge